UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CRAIG S. MESZES,

        Plaintiff,

CASE NO. 3:04-cv-505-J-32HTS

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

        Defendant.
_____/

### ORDER AUTHORIZING RELEASE AND USE OF PLAINTIFF'S EMPLOYEE ASSISTANCE PROGRAM FILE

Based upon the parties' Joint Motion for entry of an Order authorizing the release of the plaintiff's Employee Assistance Program (EAP) file, and good cause having been shown for the issuance of a protective order, IT IS HEREBY ORDERED as follows:

1. Pursuant to the regulations implementing the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. § 164.512(e)(1)(i), the U.S. Postal Service is authorized to release a copy of the plaintiff's EAP file to plaintiff and his counsel in this litigation, and all parties are authorized to use this file, and any information contained therein, in connection with this litigation.

2. The Court further institutes the following provisions of a protective order:

    a. The EAP documents and information disclosed pursuant to this Order will be used only for the conduct of the above-captioned matter, including any motions, hearings, mediation sessions, or trial. The documents and information will be disclosed only to the Court, the parties, the attorneys representing the parties,

attorneys' employees assisting in the litigation, any consultants or experts employed by either counsel for the purpose of litigating this case, and any person who may act as a mediator in this case.

    b.    The parties are prohibited from using or disclosing information or documentation from plaintiff's EAP file for purposes unrelated to this litigation.

    c.    The parties are required to return or destroy plaintiff's EAP records, including all copies made, at the conclusion of the litigation, which is understood to mean the completion of all appellate proceedings or the expiration of the time to commence such proceedings.

3.    This Order is not intended to address or overrule any objections made pursuant to the Federal Rules of Civil Procedure, and nothing in this Order constitutes any decision by the Court concerning evidentiary disputes or the admissibility or relevancy of specific documents or information.

DONE and ORDERED this 18th day of September, 2007, at Jacksonville, Florida.

HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE